**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NED CARY, JR.,
Plaintiff-Appellant,

v.

ANHEUSER-BUSCH, INCORPORATED,
Defendant-Appellee,                                                No. 95-3154

and

JOHN CARMICHAEL, Manager; TOM
POSEY, Manager; JOHN MANDARO,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CA-94-188-4)

Argued: April 7, 1997

Decided: June 23, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and
DUFFY, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Stephen Ellenson, Newport News, Virginia, for
Appellant. Rodney Allen Satterwhite, MCGUIRE, WOODS,

BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellee.
**ON BRIEF:** Eva S. Tashjian-Brown, MCGUIRE, WOODS, BAT-
TLE & BOOTHE, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ned Cary, Jr. appeals the order of the district court granting sum-
mary judgment in favor of Anheuser-Busch, Inc., ("Anheuser-
Busch"). For the reasons stated below, the order of the district court
is affirmed.

I.

Appellant was a maintenance mechanic in Anheuser-Busch's Wil-
liamsburg, Virginia brewery, from May 30, 1980, until May 4, 1992.
The terms of appellant's employment were governed by the collective
bargaining agreements between Anheuser-Busch and the Union.[1] The
collective bargaining agreement entered into by the parties in 1991
("Collective Bargaining Agreement") contained a provision requiring
employees to submit to drug-testing once during the term of the
agreement and to sign a consent form authorizing the testing or be
subject to immediate discharge.[2]

_____

[1] The General Teamsters, Chauffeurs, Warehousemen, and Helpers
Local 95, affiliated with the International Brotherhood of Teamsters
("Union") is the exclusive bargaining representative for the hourly
employees in the brewing, packaging, shipping, laboratory, maintenance,
and utility departments at Anheuser-Busch's brewery in Williamsburg.
J.A. at 147.

[2] Article 45 of the contract provided in pertinent part:

2

Pursuant to the Collective Bargaining Agreement, the employees were scheduled to undergo testing on May 4, 1992, and were given the requisite sixty (60) day notice. Appellant received notice on February 10, 1992, of the drug test, but refused to sign the notice asserting that he was not a member of the Union and that he had not consented to the Union's negotiating on his behalf. Appellant stated that he would provide a urine sample, but that the Union had "no authority whatsoever to commit his signature. . . ." J.A. at 149. Appellant's employment was terminated on March 5, 1992, pursuant to Article 45 of the Collective Bargaining Agreement.

Upon appellant's filing of a grievance, the Union negotiated with Anheuser-Busch on his behalf. On March 10, 1992, as part of the grievance process, appellant submitted an affidavit stating that he agreed to provide a urine sample, and Anheuser-Busch offered to reinstate appellant with a one (1) week suspension, provided he agreed to sign the consent form. The Union accepted this settlement on appellant's behalf. Appellant returned to work on March 17, 1992, with the specific understanding of the employer that he would sign the consent form. Appellant subsequently refused to sign and sent a letter to his employer dated April 14, 1992, citing his religious faith as an ordained Baptist Minister as the basis for his refusal. The Union representative responded to appellant's letter with a letter dated April 29, 1992, asking him to provide the specific prohibitions that prevented him from complying with the terms of the Collective Bargaining Agreement by April 30, 1992. Appellant failed to respond to the Union's request by that date.

_____

> The Company may require each employee to submit to testing once during the term of this agreement for the presence of illegal drugs. An employee tested under this Paragraph shall receive at least 60 days advanced written notice of the intended test date . . . . The employee shall sign for the notice . . ..
>
> Any employee who refuses to provide a urine specimen for testing or refuses to authorize the testing by signing a consent form shall be subject to immediate discharge.

J.A. at 148.

3

On May 4, 1992, Anheuser-Busch conducted the drug testing. While all other employees agreed to sign, appellant refused to sign the consent form. J.A. at 152. Consequently, Anheuser-Busch again terminated appellant's employment on May 4, 1992.

Appellant initially sued the Union, but that case was dismissed. In the present case, a magistrate judge recommended that the individual defendants be dismissed and that summary judgment be granted in favor of Anheuser-Busch, and the district court adopted the recommendation. Appellant now appeals the district court's grant of summary judgment in favor of Anheuser-Busch.

II.

The granting of a motion for summary judgment is reviewed de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. The "obligation of the nonmoving party is `particularly strong when the nonmoving party bears the burden of proof.'" Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir. 1995)(quoting Pachaly v. City of Lynchburg, 897 F.2d 723, 725 (4th Cir. 1990)), cert. denied, 116 S.

4

Ct. 190 (1995). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." Celotex, 477 U.S. at 327.

III.

Appellant's principal contention is that Anheuser-Busch failed to reasonably accommodate his religious beliefs. To establish a prima facie case of religious discrimination under Title VII, the plaintiff must: (1) have a bona fide religious belief which conflicts with an employment requirement; (2) inform the employer of the belief; and (3) be disciplined for failing to comply with the conflicting requirement. Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1019 (4th Cir. 1996). If the plaintiff presents a prima facie case, the burden shifts to the defendant to show that it was unable to reasonably accommodate the plaintiff's religious needs without undue hardship. Id. Even assuming that appellant had a bona fide religious belief which conflicted with the requirements of the Collective Bargaining Agreement and that he was terminated for failure to comply with the conflicting requirement, appellant nonetheless failed to provide the notice necessary to establish a prima facie case of religious discrimination and failed to cooperate with his employer in the accommodation process.

In order to establish a prima facie case, appellant must "inform his employer of both his religious needs and his need for an accommodation." Redmond v. GAF Corp., 574 F.2d 897, 901 (7th Cir. 1978). "[A]ccommodation is not so onerous as to charge an employer with the responsibility for continually searching for each potential religious conflict of every employee." Id. at 902. Appellant must provide enough information to allow his employer to realize the potential impact his religion will have upon his job. See Chrysler v. Mann, 561 F.2d 1282, 1985 (8th Cir. 1977). The first time that appellant provided any information to Anheuser-Busch concerning his objection was the April 14, 1992 letter, wherein appellant agreed to a urine test, but refused to sign the consent form as required by the reinstatement agreement because his "religious faith as an ordained Baptist Minister, prohibit[ed] [him] from exhibiting[his] own personal assent to duress." J.A. at 165. Although appellant eventually informed Anheuser-Busch of his religious objection, he failed to articulate his

5

conflict in such a manner as to allow his employer to determine how to accommodate him. The inadequacy of the April 14, 1992 letter, appellant's failure to raise his religious objection at his earlier discharge, and his unwillingness to elaborate on his conflicting religious belief, did not provide Anheuser-Busch with meaningful notice of his objection. There should be "bilateral cooperation. . . in the search for an acceptable reconciliation of the needs of the employee's religion and the exigencies of the employer's business." Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 69 (1986) (citing Brener v. Diagnostic Ctr. Hosp., 671 F.2d 141, 145-46 (5th Cir. 1982)).

In order to accommodate appellant, Anheuser-Busch would have had to determine his religious needs from his seemingly contradictory statement that his religion permitted him to submit a urine sample, but forbade him to sign a consent form to do so. The logic of this distinction eludes this court as it did the district court. Furthermore, appellant refused to provide information concerning his objection in response to the Union's request of April 29, 1992."The employee has the duty to inform his employer of his religious needs so that the employer has notice of the conflict." Redmond , 574 F.2d at 902.

Even if appellant had established a prima facie case of religious discrimination, exempting appellant from the requirements of the collective bargaining agreement would be an undue burden within the meaning of Title VII. The duty to accommodate a religious belief in the context of a collective bargaining agreement, does not require the employer "to take steps inconsistent with the otherwise valid agreement." Trans World Airlines, Inc. v. Hardison , 432 U.S. 63, 79 (1977). The Court reasoned:

> Collective bargaining, aimed at effecting workable and enforceable agreements between management and labor, lies in the core of our national labor policy. . . . Without a clear and express indication from Congress, we cannot agree with [appellant] that an agreed upon [collective bargaining agreement] must give way when necessary to accommodate religious observances.

Id. Appellant suggests that Anheuser-Bush could have accepted an affidavit from appellant in lieu of the consent form. However, appel-

6

lant never made such a proffer,**3** and even after his discharge, appellant maintained that he "must simply refuse to be forced to show consent in any way" to the drug testing policy. J.A. at 171. Accordingly, the district court properly granted the employer's motion for summary judgment.

IV.

For the foregoing reasons, the order of the district court granting the motion for summary judgment of Anheuser-Busch is

<u>AFFIRMED</u>.

_____

**3** Appellant never suggested to Anheuser-Busch that his affidavit of March 10, 1992, was submitted in lieu of his signing the consent form.

7